ELLEN COSGROVE, by her Guardian, *vs.* JOHN C. MERZ *et als.*

By the Judiciary Act, cap. 8, § 23, which went into effect August 22, 1893, exclusive original jurisdiction over all actions properly brought within their districts for the possession of tenements or estates held at will or by sufferance was vested in the District Courts.

A defendant in execution who remains in possession of land after it has been sold under the execution being a tenant by sufferance of the land, the Common Pleas Division of the Supreme Court had no jurisdiction to render a judgment for possession in an action brought in that court by the purchaser after August 22, 1893, for possession of the land.

BILL IN EQUITY to avoid execution sales. Heard on the sufficiency of a plea.

*November* 12, 1895. PER CURIAM. This is a bill to set aside two execution sales on the ground that the judgments on which the executions were issued, and the sales on the executions, were fraudulently procured by the respondents while the complainant was of unsound mind, for the purpose of getting the complainant's property at a grossly inadequate price. Since the filing of the bill the complainant has died, and the suit is now prosecuted by her heirs at law.

The respondent Elizabeth Rohrich, who holds the record title to the land under the execution sales, has filed a plea to the bill in which she sets forth that, on October 4, 1893, being seized in her demesne as of fee in the land, she brought an action for the possession of the land against the complainant, in the Common Pleas Division of the Supreme Court for the county of Providence at its September Session, 1893, in which action judgment was rendered in her favor, on November 18, 1893, for possession and costs; that execution was issued on the judgment, and she was put into possession of the estate on December 20, 1893; that this judg-

ment has not been annulled or reversed, but now remains in full force and that she is now and has since been in possession of the estate.

The case has been submitted on the question of the sufficiency of the plea. We think, as contended by the complainant, that the plea must be overruled, since the Common Pleas Division had no jurisdiction to render the judgment set forth in the plea. By the Judiciary Act, cap. 8, § 23, which went into effect August 22, 1893, prior to the bringing of the suit of the respondent Elizabeth Rohrich in the Common Pleas Division, exclusive original jurisdiction over all actions, properly brought within their districts, for the possession of tenements or estates held at will or by *sufferance*, was vested in the District Courts. *O'Connor* v. *O'Brien*, 18 R. I. 529. Assuming that the judgments and execution sales, under which the respondent Rohrich claims title, were valid, the complainant, at the time of the bringing of the suit by the respondent Rohrich in the Common Pleas Division, was a tenant by sufferance of the land. *Johnson* v. *Donaldson*, 17 R. I. 107. And hence, the land being situated in Providence, suit to recover its possession should have been brought in the District Court of the Sixth Judicial District, which embraces the city of Providence.

Plea overruled.

*Herbert Almy & James M. Gilrain*, for complainant.

*Henry J. Dubois*, for respondents.